UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

HENRY C. LATHAM,

                    Plaintiff,

                                                MEMORANDUM AND ORDER
          -against-                             11-CV-4219 (JG)

AUNT PAULINE LATHAM,

                    Defendants.
----------------------------------------------------------x
JOHN GLEESON, United States District Judge:

          *Pro se* plaintiff Henry C. Latham filed this claim on August 30, 2011.  I grant his

request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this

Order.  Because I am unable to determine what claim he is advancing, I dismiss the complaint

without prejudice.

                                   DISCUSSION

A.       *Standard of Review*

          In reviewing plaintiff's complaint, I am mindful that "a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation

omitted).  However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma*

*pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief."

          Moreover, because plaintiff is proceeding *pro se*, the court must liberally construe

his pleadings, and must interpret his complaint to raise the strongest arguments it suggests.  *See*

*McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'"  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

B.     *Rule 8 Standard*

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8 does not require much, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Mr. Latham's complaint is incomprehensible and fails to meet this burden.[1]

---

[1]     Latham has filed at least fourteen other incomprehensible complaints in this court.  *See Latham v. Transit Adjudicate*, 11-CV-4183 (JG); *Latham v. 29 Gallatin Place Brooklyn*, 11-CV-2726 (JG) (dismissed without prejudice on June 13, 2011); *Latham v. 800 Poly Place et al.*, 10-CV-5697 (JG) (dismissed without prejudice on December 17, 2010); *Latham v. Latham et al.*, 10-CV-3915 (JG) (dismissed without prejudice on December 14, 2010); *Latham v. John*, 10-CV-3445 (JG) (dismissed without prejudice on August 26, 2010); *Latham v. New York Harbor et al.*, 10-CV-2768 (JG) (dismissed without prejudice on August 16, 2010)*; Latham v. Transit Authority Civil*, 10-CV-2047 (JG) (dismissed without prejudice on July 26, 2010); *Latham v. John*, 09-CV-3398 (JG) (dismissed without prejudice on August 20, 2009 as unintelligible); *Latham v. Transit Authority Civil*, 09-CV-1009 (JG) (dismissed without prejudice on July 16, 2009 because the complaint was unintelligible); *Latham v. Civil Gov't Transit Bldg.*, 08-CV-2522 (JG) (dismissed without prejudice on July 17, 2008 because the Court was unable to discern the basis of his claim); *Latham v. VA Outpatient Hospital et al.*, 06-CV-6758 (DGT) (dismissed by order dated January 11, 2007, for failure to state claim on which relief may be granted); *Latham v. Kingsboro Psychiatric Center*, 06-CV-1140 (DGT) (dismissed by order dated April 5, 2006, for failure to state claim on which relief may be granted); *Latham v. New*

CONCLUSION

The complaint is dismissed without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  *In forma pauperis*

status is denied for purpose of an appeal because any appeal from this order would not be taken

in good faith.  *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
　　　 September 1, 2011

---

*York Psychotherapy*, 04-CV-2945 (DGT) (dismissed by order dated September 3, 2004, for failure to state claim on which relief may be granted); *Latham v. Iappil et al.*, 02-CV-2523 (DGT) (dismissed by order dated June 27, 2002).